```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
LAVERNE DUNCAN,

                 Plaintiff,

vs.                                  Case No.   2:06-cv-106-FtM-99SPC

LEE COUNTY SHERIFF'S OFFICE; PRISON
HEALTH SERVICES, INC.,

                 Defendants.
_____
```

### ORDER OF DISMISSAL

This matter comes before the Court upon review of Plaintiff's civil rights Amended Complaint form (Doc. #10), filed pursuant to 42 U.S.C. § 1983.  The Court ordered *pro se* Plaintiff to file an Amended Complaint because Plaintiff did not identify "persons" responsible for the alleged Constitutional violations set forth in Plaintiff's Complaint (Doc. #9).  Plaintiff, who is incarcerated at the Lee County Jail, names the following Defendants: Lee County Sheriff's Office and Prison Health Services, Inc (hereinafter "PHS").  The Amended Complaint vaguely alleges that Plaintiff is experiencing "discomfort and pain."  Plaintiff alleges that he "has not been refer[r]ed to any kind of doctor [or] outside facility and [has] not seen by any doctors or practisitions [sic] in the Lee County Jail." (Id. at 8.)  As relief, Plaintiff requests that the Court direct the Defendants to transport him to an orthopedic specialist and award him compensatory damages for the resulting pain, suffering, and mental anguish that is attributable to the "[Defendants'] negligence in not properly treating [Plaintiff's]

debilitating medical condition". (Id. at 9.)  The Complaint does not further describe Plaintiff's "debilitating medical condition" and does not identify which persons allegedly denied Plaintiff's Eighth Amendment rights.

The Prison Litigation Reform Act requires the Court to determine whether this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(I)-(iii).  In essence, § 1915(e)(2) is a screening process, to be applied *sua sponte* and at any time during the proceedings.  See 28 U.S.C. § 1915(e)(2).  The Court, nonetheless, must read Plaintiff's *pro se* allegations in a liberal fashion.  Haines v. Kerner, 404 U.S. 519 (1972) reh'g denied 405 U.S. 948 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

A complaint filed *in forma pauperis* that fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact.  Id. at 325; see also Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," Nietzke at 327; when the

claims rely on factual allegations which are "clearly baseless" Denton v. Hernandez, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success. Bilal, 251 F.3d at 1349.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by, Daniels v. Williams, 474 U.S. 327 (1986); Burch v. Apalachee Community Mental Health Services, Inc., 840 F.2d 797, 800 (11th Cir. 1988), aff'd, Zinermon v. Burch, 494 U.S. 113 (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).

Here, Plaintiff's claim is fatally flawed and must be dismissed. First, the Complaint fails to meet the requirements of a § 1983 action because the Lee County Sheriff's Office is not a "person" "acting under the color of state law" for the purposes of the statute. The Eleventh Circuit has held that "[s]heriff's departments and police departments are not usually considered legal entities subject to suit[.]" Lawal v. Fowler, No. 05-15895, 2006 WL 2640222 (11th Cir. Aug. 10, 2006) (citing Dean v. Barber, 951 F.2d 1210 (11th Cir. 1992)). Rather, the "capacity to sue or be

sued shall be determined by the law of the state in which the district court sits." Fed. R. Civ. P. 17(b). To the extent that a plaintiff seeks to assess liability against a governmental entity in Florida, he is required to bring an action against the name of the individual who holds the office responsible for the individual's alleged wrong doing. Plaintiff should have brought his action against Mike Scott, the Sheriff of Lee County. Art. VIII, § 1(d), Fla. Const. (The Sheriff is the constitutional officer elected by the people). Even when the Court liberally construes the Complaint as properly naming the Sheriff of Lee County (as opposed to the Sheriff's Department), it must still be dismissed. It is clear from the allegations in the Complaint that the Sheriff did not in any way directly participate in the alleged constitutional deprivation. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir.), cert. denied, 500 U.S. 933 (1990). Additionally, the Complaint does not contain any allegations of a policy, custom or practice on the part of the defendants that was the "moving force" behind the alleged misconduct. Board of County Commissioners v. Brown, 520 U.S. 397, 403 (1997), see also Jones v. Cannon, 174 F.3d 1271, 1292 (11th Cir. 1999); Tennant v. Florida,111 F. Supp. 2d 1326 (S.D. Fla. 2000).

Consequently, in viewing the facts alleged in the light most favorable to Plaintiff, the Court concludes that no relief could be granted against the Defendants under any set of facts that could be proved consistent with the allegations in Plaintiff's § 1983

Complaint.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106-107 (1976); <u>Farrow v. West</u>, 320 F.3d 1235 (11th Cir. 2003).  Thus, Plaintiff has failed to state a cognizable claim under § 1983 and consequently, this case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court will dismiss the Complaint **without prejudice** so that Plaintiff may re-file a complaint, if he chooses, against the proper defendants.  In particular, Plaintiff should identify as defendants those individuals who were involved in the alleged constitutional violation(s).  A party cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he participated in the deprivation of Plaintiff's constitutional rights or directed such action and/or omission that resulted in such deprivation.  Finally, Plaintiff must show how he has been damaged (how he was harmed or injured by the actions and/or omissions of the Defendants).

ACCORDINGLY, it is hereby

**ORDERED**:

1.   Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2.   The **Clerk of Court** shall: (1) terminate any pending motions; (2) enter judgment accordingly; and (3) close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __11th__ day of October, 2006.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

SA:    alj
Copies: All Parties of Record